■ SAMUEL MEYERSON, Appellant, v. JOHN A. LYNCH, INC., et al., Respondents.— In a stockholder's derivative action, plaintiff appeals (1) from an order of the Supreme Court, Richmond County, dated February 6, 1967, which (a) granted defendants' motion to sever their counterclaim and to direct entry of judgment thereon and ordered an assessment of damages thereon and (b) denied plaintiff's cross motion for an extension of time to reply to the counterclaim and for vacatur of his default in serving such reply and (2) from so much of an order of the same court, dated May 23, 1967 and made on reargument and renewal of said prior motions, as adhered to said prior determination. Order dated May 23, 1967 reversed insofar as appealed from, without costs; defendants' motion denied; and plaintiff's cross motion granted. Plaintiff's time to reply to the counterclaim is extended until 20 days after the entry of the order hereon. Appeal from order dated February 6, 1967, dismissed as academic, without costs. In our opinion, the order made on December 14, 1966, prior to the two orders now under review, and which denied plaintiff's first motion to dismiss the counterclaim upon the ground that it was barred by the Statute of Limitations, was not a determination, by way of *res judicata*, that plaintiff was too late in attempting another and independent motion, such as one of the applications which resulted in the two orders at bar, to open his default in pleading to the counterclaim. Plaintiff's application to open his default should have been

granted since his default was apparently generated by counsel's mistakes of law with reference to the necessity to plead to the counterclaim and the timeliness of a motion to dismiss the counterclaim (*Gallo* v. *Bosco,* 13 A D 2d 982). Beldock, P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.