■ RALPH V. IADICICCO, Appellant, v DUBB ENTERPRISES, INC., Doing Business as HARVEY'S OFF THE BOULEVARD, Respondent. [621 NYS2d 953] —Appeal from an order of the Supreme Court (Lynch, J.), entered December 16, 1993 in Schenectady County, which denied plaintiff's motion to amend a prior conditional order permitting the late filing of a note of issue, and dismissed the complaint.

In a prior court order, Supreme Court denied defendant's motion to dismiss plaintiff's action for failure to file a note of issue. The order, however, was made contingent on plaintiff's filing the note of issue within a specified period of time. Nevertheless, plaintiff did not comply with the extended time constraints and filed the note of issue late. In making the tardy filing, plaintiff moved for the court to amend its prior order and excuse the delay. In our view, Supreme Court did not abuse its discretion in rejecting, as insufficient, the law office failure excuse proffered by plaintiff. As the court noted, its prior order evinced a clear expression of the consequences of a failure to file a note of issue within the extended time period allotted.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of the Claim of MARILYN STEINGOLD, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 952] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 24, 1993, which ruled that claimant was ineligible to receive unemployment insurance benefits because she did not comply with registration requirements.

Claimant was denied emergency unemployment insurance benefits because she failed to report to her local unemployment insurance office to file a claim. We find that there is substantial evidence in the record to support the Board's determination that claimant failed to file a timely claim and that there was no good cause for such noncompliance. We therefore affirm.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.