■ ELEANOR FLOMENHAFT, Appellant, v ROBERT P. BARON et al., Respondents. [721 NYS2d 381] —In an action, *inter alia,* to recover damages for tortious interference with contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated February 23, 2000, which denied her motion, in effect, to vacate an order of the same court, dated May 19, 1999, which dismissed the complaint pursuant to CPLR 3216 for failure to prosecute, and (2) an order of the same court, dated July 5, 2000, which denied her motion, in effect, for reargument.

Ordered that the appeal from the order dated July 5, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 23, 2000 is affirmed, and it is further,

Ordered that the respondents are awarded one bill of costs.

On August 21, 1998, the Supreme Court issued an order *sua sponte* directing the plaintiff to serve and file a note of issue within 90 days, and stating that the failure to comply might serve as a basis for dismissal pursuant to CPLR 3216. The plaintiff failed to comply with this order, which constituted a valid 90-day notice, by either timely filing a note of issue or moving to extend the 90-day period (*see, Trust Co. v Genser,* 271 AD2d 524; *Seletsky v St. Francis Hosp.,* 263 AD2d 452; *Safina v Queens-Long Is. Med. Group,* 238 AD2d 395). Thereafter, on May 19, 1999, the court dismissed the complaint based upon the plaintiff's failure to comply with its 90-day notice. Seven months later, the plaintiff moved, in effect, to vacate the order dismissing her complaint, attributing her failure to file a note of issue to an inadvertent oversight by her attorney. The Supreme Court denied the plaintiff's motion, finding that she did not demonstrate a reasonable excuse for her failure to comply with the 90-day notice, and the existence of a meritorious cause of action.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion to vacate the order dismissing the complaint for failing to comply with the 90-day notice. Although the courts have the discretion to excuse law office failure which is not willful or deliberate (*see, Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler,* 271 AD2d 576), the conclusory and unsubstantiated assertions of law office failure made by the plaintiff's attorney were insufficient to excuse the extensive delay in complying with the 90-day notice, and in seeking to vacate the order dismissing the complaint (*see, Gourdet v Hershfeld,* 277 AD2d 422; *Gray v Gray,* 266 AD2d 261; *Eretz Funding v Shalosh Assocs.,* 266 AD2d 184). In addition, the plaintiff's affidavit failed to demonstrate that her causes of action to recover damages for tortious interference with contract and prima facie tort are meritorious (*see, Morrell v Gorenkoff,* 278 AD2d 210; *Lakeville Pace Mech. v Elmar Realty Corp.,* 276 AD2d 673; *Shapiro v Central Gen. Hosp.,* 251 AD2d 317; *International Shared Servs. v County of Nassau,* 222 AD2d 407; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570).

The plaintiff's motion, characterized as one for reargument

and renewal of her motion to vacate the order dismissing the complaint, was not based upon new facts which were unavailable at the time of the prior motion. Since the plaintiff failed to offer a valid excuse for why the additional evidence offered upon her motion was not submitted earlier, the Supreme Court properly deemed the motion to be in fact a motion for reargument, the denial of which is not appealable (*see, Matter of Calverton Indus. v Town of Riverhead,* 278 AD2d 319; *Matter of Eagle Ins. Co. v Lucero,* 276 AD2d 695; *Sallusti v Jones,* 273 AD2d 293). S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.