■ EAST POINT COLLISION WORKS INC., Appellant, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents. [733 NYS2d 908] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered May 3, 2001, which, upon an order of the same court, dated March 20, 2000, granting the defendant's motion to dismiss the complaint pursuant to CPLR 3216, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

To avoid a default when served with a 90-day notice, a plaintiff must comply either by timely filing a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004 (*see, Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553; *Carte v Segall,* 134 AD2d 397, 398). Having failed to pursue either of the foregoing options, the plaintiff

was obligated to demonstrate a reasonable excuse and a meritorious cause of action to avoid the sanction of dismissal (*see,* CPLR 3216 [e]; *Papadopoulas v R.B. Supply Corp., supra*). The vague, unelaborated assertions of law office failure made by the plaintiff's attorney did not constitute a reasonable excuse for the default in this case (*see, Flomenhaft v Baron,* 281 AD2d 389). Krausman, J. P., Luciano, Smith and Adams, JJ., concur.