■ FRANK J. REYES, Appellant, v BRUCE Ross et al., Respondents. [735 NYS2d 198] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered March 8, 2001, which granted the separate motions of the defendants Bruce Ross, Hank Ross, and Ross Orthopedic Group, P. C., and the defendant Winthrop University Hospital to dismiss the complaint pursuant to CPLR 3216, and dismissed the complaint, and (2) an order of the same court, entered June 15, 2001, which denied his motion, in effect, for leave to reargue.

Ordered that the appeal from the order entered June 15, 2001, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is reversed, as a matter of discretion, the motions are denied, and the complaint is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The plaintiff's motion, characterized as one for reargument and renewal, was not based on new facts which were unavailable at the time of the prior motion. Since the plaintiff failed to offer a valid excuse for the failure to offer this additional evidence earlier, the Supreme Court properly deemed the motion to be one solely for reargument, the denial of which is not appealable (*see, Greene v New York City Hous. Auth.,* 283 AD2d 458; *Flomenhaft v Baron,* 281 AD2d 389; CPLR 2221).

The plaintiff failed to timely comply with a 90-day notice served pursuant to CPLR 3216 by the defendants Bruce Ross, Hank Ross, and Ross Orthopedic Group, P. C. (hereinafter the Ross defendants) or to move for an extension of the 90-day period. The plaintiff therefore was required to establish both a reasonable excuse for his failure to comply with the notice and a meritorious cause of action to avoid dismissal of his complaint (*see, East Point Collision Works v Liberty Mut. Ins. Co.,* 289 AD2d 193; *Flomenhaft v Baron, supra*; CPLR 3216 [e]; *see also, Baczkowski v Collins Constr. Co.,* 89 NY2d 499).

The Supreme Court improvidently exercised its discretion in granting the motion by the Ross defendants to dismiss the complaint. Law office failure may be excused where, as here, it is not willful or deliberate (*see, Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler,* 271 AD2d 576). In addition, the affidavit of merit provided by the plaintiff's expert was sufficient to demonstrate that the plaintiff has a meritorious cause of action against the Ross defendants.

The cross motion of Winthrop University Hospital (hereinafter Winthrop) to dismiss the complaint pursuant to CPLR 3216 must be denied, as it failed to demonstrate that it served a 90-day notice on the plaintiff (*see,* CPLR 3216 [b]). Winthrop may not rely on the 90-day notice served by the Ross defendants (*see, Velasquez v Newell,* 233 AD2d 390; *Ubriaco v John T. Mather Mem. Hosp.,* 209 AD2d 404; *Juracka v Ferrara,* 137 AD2d 921).

In light of our determination we do not reach the parties'

remaining contentions. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.