■ Lawrence A. Wechsler, Appellant, v First Unum Life Insurance Company, Respondent. [742 NYS2d 668] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Nelson, J.), dated July 5, 2001, which denied his

motion, inter alia, to reinstate the complaint, which was dismissed pursuant to CPLR 3216, and (2), as limited by his brief, from so much of an order of the same court, dated November 16, 2001, as denied that branch of his motion which was for leave to renew, and, upon granting that branch of his motion which was for leave to reargue, adhered to the original determination.

Ordered that the appeal from the order dated July 5, 2001, is dismissed, as that order was superseded by the order dated November 16, 2001, made upon reargument; and it is further,

Ordered that the order dated November 16, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court issued an order in April 2000 which directed the plaintiff to file a note of issue by August 28, 2000. The plaintiff failed to comply with that deadline and obtained an extension until February 13, 2001, based on his attorney's excuse that, due to a clerical error, the original deadline had not been properly diaried. The order granting the plaintiff an extension until February 13, 2001, also advised him that the failure to timely file a note of issue would result in dismissal of the action. Upon the plaintiff's failure to file a note of issue by February 13, 2001, and to appear at a status conference on February 27, 2001, the Supreme Court dismissed the complaint. In May 2001 the plaintiff moved, inter alia, to reinstate the complaint.

The plaintiff was required to demonstrate a justifiable excuse for his failure to timely file a note of issue and that his action has merit (see *Baczkowski v Collins Constr. Co.,* 89 NY2d 499; *Raffa v Cook,* 289 AD2d 385; *Lopez v Imperial Delivery Serv.,* 282 AD2d 190). The court may accept law office failure that is not willful or deliberate as a reasonable excuse (see *Reyes v Ross,* 289 AD2d 554; *Flomenhaft v Baron,* 281 AD2d 389). However, conclusory and unsubstantiated assertions of law office failure are insufficient (see *Werbin v Locicero,* 287 AD2d 617), and a pattern of willful default and neglect will not be excused (see *Wynne v Wagner,* 262 AD2d 556; *Campenni v Ridgecroft Estates Owners,* 261 AD2d 496).

The plaintiff took no steps to obtain further discovery during the four-month period before the August 28, 2000, deadline for filing a note of issue, or during the subsequent extension of that deadline, despite the fact that the plaintiff requested those postponements to conduct additional discovery. The statements by the plaintiff's attorney regarding his personal problems and those of his law firm did not adequately explain the neglect of

the case during the 90-day period immediately preceding the February 13, 2001, deadline. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion on the ground that law office failure was insufficient to excuse the delay (*see Baczkowski v Collins Constr. Co., supra; Iadicicco v Dubb Enters.,* 211 AD2d 931; *Lyons v Butler,* 134 AD2d 576). As the plaintiff did not demonstrate a justifiable excuse for the failure to timely file a note of issue, we do not address the issue of whether he demonstrated that his action has merit.

Contrary to the plaintiff's contention, the substitution of counsel after the denial of his motion did not constitute a new fact which would support a motion for leave to renew (*see Andrea v du Pont de Nemours & Co.,* 289 AD2d 1039), and he failed to present any other new facts (*see* CPLR 2221 [e] [2]). The Supreme Court need not have granted leave to reargue, as the plaintiff failed to show that the court overlooked or misapprehended the facts or the law (*see McGill v Goldman,* 261 AD2d 593; CPLR 2221 [d] [2]). However, upon reargument, the court properly adhered to the original determination. Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.