■ ASSOCIATED MUTUAL INSURANCE COMPANY, Plaintiff, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY, et al., Defendants. (Action No. 1.) EXCHANGE INSURANCE COMPANY, Plaintiff, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY, et al., Defendants. (Action No. 2.) CONTINENTAL CASUALTY COMPANY, Plaintiff, v SAN REALTY CORP. et al., Defendants. (Action No. 3.) COMMERCIAL UNION INSURANCE COMPANY, Plaintiff, v SAN REALTY CORP. et al., Defendants. (Action No. 4.) AETNA CASUALTY & SURETY COMPANY et al., Plaintiffs, v SAN REALTY CORP. et al., Defendants. (Action No. 5.) ANTHONY A. VASSALLO, Appellant, v SAN REALTY CORP. et al., Defendants, and FANNING ELECTRIC COMPANY, INC., Respondent. (Action No. 6.) [750 NYS2d 888] —In six related actions to recover for damage to property, the first four of which were consolidated, and the last two of which were joined for trial, Anthony Vassallo, the plaintiff in Action No. 6, appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 19, 2001, which granted the motion of the defendant Fanning Electric Co., Inc., to vacate its default in opposing his cross motion for summary judgment and for leave to renew and reargue his cross motion, and, upon renewal and reargument, vacated so much of a prior amended order of the same court, entered April 16, 2001, as granted his cross motion for summary judgment against that defendant, and denied his cross motion.

Ordered that the order is affirmed, with costs.

It is well settled that a defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Parker v City of New York,* 272 AD2d 310; *Piacentini v Mineola Union Free School Dist.,* 267 AD2d 290, 291; *Kolajo v City of New York,* 248 AD2d 512). Such a showing was made in this case.

The appellant's remaining contention is without merit. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.