■ JORY VINIKOUR, Appellant, v JAMAICA HOSPITAL, Respondent, et al., Defendants. [767 NYS2d 873]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated January 13, 2003, which denied his motion to vacate the dismissal of the action pursuant to CPLR 3216 and for leave to file a note of issue.

Ordered that the order is affirmed, with costs.

In a compliance order dated November 13, 1998, the Supreme Court directed the plaintiff to file a note of issue on or before March 24, 1999, and warned that failure to comply may serve as a basis for dismissal pursuant to CPLR 3216. Counsel for both parties signed the order. Contrary to the plaintiff's contention, this had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Aguilar v Knutson, 296 AD2d 562 [2002]; Werbin v Locicero, 287 AD2d 617 [2001]). Subsequently, on April 30, 1999, the court "so-ordered" a stipulation between the parties extending the plaintiff's deadline for filing a note of issue until September 15, 1999. Having received the "so-ordered" stipulation, the plaintiff was required either to file a note of issue by the new deadline, September 15, 1999, or move pursuant to CPLR 2004, prior to the default date, for an extension of time within which to comply (see Werbin v Locicero, supra). The plaintiff did neither. The action was subsequently dismissed pursuant to CPLR 3216. The plaintiff failed to move to restore the action within one year. Accordingly, the motion to vacate the dismissal was properly denied (see Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]).

Since CPLR 3216 (a) authorizes a court to dismiss a pleading "on its own initiative or upon motion," the defendant's failure to move for dismissal after the plaintiff failed to comply with the court order did not render the dismissal invalid.

The plaintiff's remaining contentions are without merit. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.