■ RICHARD KANG et al, Appellants, v LAGUARDIA HOSPITAL et al., Respondents. [784 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated December 15, 2003, which denied, as academic, their motion, inter alia, to restore the action to active status and to file a note of issue, granted those branches of

the separate cross motions of the defendant LaGuardia Hospital and the defendants North Shore University Hospital and Neil D. Kutin which were to dismiss the complaint insofar as asserted against them pursuant to CPLR 3216, for the failure to prosecute, and granted the separate cross motion of the defendants Avinash K. Josen and J. Lee to dismiss the complaint insofar as asserted against them pursuant to 22 NYCRR 202.27, for the plaintiffs' failure to appear at a scheduled court conference.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted those branches of the separate cross motions of the defendant LaGuardia Hospital and the defendants North Shore University Hospital and Neil D. Kutin which were to dismiss the complaint insofar as asserted against them, pursuant to CPLR 3216, given the plaintiffs' inadequate excuse for their six-year delay in prosecuting the action and their failure to present a meritorious claim (*see Florestal v Little Flower Children's Servs. of N.Y.*, 9 AD3d 348 [2004]; *Palermo v County of Nassau,* 266 AD2d 365, 366 [1999]).

The Supreme Court also properly granted the cross motion of the defendants Avinash K. Josen and J. Lee to dismiss the complaint insofar as asserted against them, pursuant to 22 NYCRR 202.27, for the plaintiffs' failure to appear at a scheduled court conference. The plaintiffs failed to establish a reasonable excuse for their failure to appear and a meritorious claim to avoid dismissal pursuant to 22 NYCRR 202.27 (*see Precision Envelope Co. v Marcus & Co.,* 306 AD2d 263 [2003]).

Accordingly, the Supreme Court properly denied, as academic, the plaintiffs' motion, inter alia, to restore the action to active status and to file a note of issue. Santucci, J.P., Smith, S. Miller, Cozier and Fisher, JJ., concur.