■ DESERIE BETTY, Appellant, v CITY OF NEW YORK et al., Respondents. [784 NYS2d 621]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated May 22, 2003, as denied those branches of her motion which were to vacate the dismissal of the action and to extend discovery deadlines, and (2) from a judgment of the same court dated July 1, 2003, which dismissed the complaint.

Ordered that the appeal from the order is dismissed, and it is further,

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, so much of the order as denied those branches of the plaintiff's motion which were to vacate the dismissal of the action and to extend discovery deadlines is vacated, those branches of the motion are granted, and the matter is remitted to the Supreme Court, Kings County, to set discovery deadlines, on condition that the plaintiff's attorney personally pays the sum of $1,500 to the Corporation Counsel of the City of New York within 60 days after service upon the plaintiff's attorney of a copy of this decision and order; in the event the condition is not complied with, then the judgment is affirmed, with one bill of costs payable to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a compliance conference order dated June 26, 2002, the Supreme Court directed the plaintiff to serve and file a note of issue by December 6, 2002, and warned that the failure to comply would result in a dismissal. Counsel for both parties signed the order. The order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]; *Apicella v Estate of Apicella,* 305 AD2d 621 [2003]; *Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617 [2001]), which required the plaintiff either to timely file a note of issue or to move pursuant to CPLR 2004 before the default date for an extension of time within which to comply (*see Apicella v Estate of Apicella, supra; Aguilar v Knutson, supra; Werbin v Locicero, supra*). The plaintiff failed to move to extend the period for filing a note of issue within the specified period and the action was dismissed pursuant to CPLR 3216.

A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default and that a meritorious action exists (*see Associated Mut. Ins. Co. v Kipp's Arcadian II,* 300 AD2d 425 [2002]; *Presbyterian Hosp. in City of N.Y. v New York Cent. Mut. Ins. Co.,* 277 AD2d 299 [2000]). In this case, the Supreme Court previously determined by order dated December 31, 2001, that the plaintiff had a meritorious claim. Further, the plaintiff's failure to complete discovery and file a timely note of issue was attributable to the defendants' adjourning the depositions scheduled for October 10, 2002, on October 9, 2002, without a date, on the ground that depositions could not be held at 350 Jay Street because the case had been assigned to the defendants' "Special Litigation Unit" at 100 Church Street and no room had been reserved at that locale.

The plaintiff's counsel had grounds to move before the default date for an extension of time to serve a note of issue and failed to do so, allowing the case to be marked dismissed. The ground for failure to move in a timely fashion was the plaintiff's counsel's ignorance of the legal effect of the compliance conference order—an excuse akin to law office failure (*see Meyerson v John A. Lynch, Inc.,* 29 AD2d 761 [1968]; *Gallo v Bosco,* 13 AD2d 982 [1961]). In view of the policy of deciding cases on

their merits and the lack of prejudice to the defendants, we find that it was an improvident exercise of discretion to deny vacatur of the default.

However, in view of the unnecessary delay attributable to counsel's ignorance of the law and the unnecessary motion practice generated thereby, the plaintiff's attorney is directed to personally pay the sum of $1,500 to the Corporation Counsel of the City of New York as a condition of vacating of the default (*see Levy Williams Constr. Corp. v United States Fire Ins. Co.,* 280 AD2d 650 [2001]; *Zolna v Lupino,* 251 AD2d 658 [1998]; *Pegalis v Gibson,* 237 AD2d 420, 422 [1997]). Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.