■ PASQUALE GIANNOCCOLI et al., Respondents, v ONE CENTRAL PARK WEST ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Respondents. CLEVELAND WRECKING COMPANY et al., Third-Party Defendants-Appellants. [790 NYS2d 159]—

In an action to recover damages for personal injuries, etc., the third-party defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 17, 2003, which granted the plaintiffs' motion, in effect, to vacate the dismissal of the action and extend discovery deadlines, and to restore the action to the trial calendar.

Ordered that the order is modified, on the law and as a matter of discretion, by adding a provision thereto directing the plaintiffs' attorney to personally pay a sanction in the sum of $1,000 to the third-party defendants, and directing that in the event the condition is not complied with, then the motion is denied; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the sanction shall be paid within 60 days after service upon the plaintiffs' attorney of a copy of this decision and order.

Contrary to the plaintiffs' contention, the compliance conference order dated June 19, 2002, inter alia, directing the plaintiffs to serve and file a note of issue by October 15, 2002, and warning that the failure to do so would result in dismissal, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Betty v City of New York*, 12 AD3d 472 [2004]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340 [2002]). When the plaintiffs failed to comply with this order by either timely serving and fil-

ing a note of issue or moving to extend the period for doing so, the action was dismissed pursuant to CPLR 3216 (*see Werbin v Locicero,* 287 AD2d 617 [2001]; *Flomenhaft v Baron,* 281 AD2d 389, 390 [2001]; *Trust Co. of N.J. v Genser,* 271 AD2d 524 [2000]).

An action dismissed pursuant to CPLR 3216 may be restored only if the plaintiffs can demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see* CPLR 3216 [e]; *Betty v City of New York, supra; Wechsler v First Unum Life Ins. Co., supra*). The plaintiffs demonstrated that their action has merit. Furthermore, the plaintiffs' counsel had grounds to move before the deadline for an extension of time to serve and file a note of issue, but failed to do so, asserting an excuse akin to law office failure (*see Betty v City of New York, supra*). Accordingly, the Supreme Court providently exercised its discretion in vacating the default, given the policy of deciding cases on their merits, the lack of any demonstrable prejudice to the appellants, and the absence of an intent on the part of the plaintiffs to abandon the action (*id.; see Capichiano v Montefiore Hosp.,* 118 AD2d 676 [1986]). However, under the circumstances of this case, the imposition of a sanction is appropriate. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.