■ DON GOLDBERGER, Respondent, v HARRY GOLDBERGER et al., Appellants. [795 NYS2d 277]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated July 16, 2004, which granted those branches of the plaintiff's motion which were, in effect, to vacate the dismissal of the action and extend the time to file a note of issue.

Ordered that the order is affirmed, with costs.

The Supreme Court erred in determining that a compliance conference order dated December 2, 2003, did not constitute a valid 90-day demand under CPLR 3216. The compliance conference order, signed by both parties, directed the plaintiff, inter alia, to serve and file a note of issue by March 6, 2004, and warned that the failure to comply would result in a dismissal (*see Betty v City of New York*, 12 AD3d 472, 473 [2004]; *see also Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348 [2005]; *Sarva v Chakravorty*, 14 AD3d 689 [2005]; *Vinikour v Jamaica*

*Hosp.*, 2 AD3d 518, 519 [2003]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340 [2002]; *Werbin v Locicero*, 287 AD2d 617 [2001]).

Nevertheless, assuming the action was, in fact, dismissed on March 19, 2004, for failure to comply with the CPLR 3216 notice, and not merely marked off the calendar (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]) as the plaintiff contends, the Supreme Court, on this record, properly granted those branches of the plaintiff's motion which were, in effect, to vacate the dismissal of the action and extend the time to file a note of issue, given the policy of deciding cases on their merits, the showing of a justifiable excuse for the delay, the lack of any demonstrable prejudice to the defendants, and the absence of an intent on the part of the plaintiff to abandon the action (*see Giannoccoli v One Cent. Park W. Assoc., supra; Betty v City of New York, supra* at 473-474). Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.