■ ADEN T. REZENE et al., Respondents, v SHARENA K. WILLIAMS et al., Appellants. [804 NYS2d 335]—

In an action to recover damages for personal injuries, etc., the defendants Sharena K. Williams and Michael I. Winslow appeal, and the defendants Sandra Manzano and Luis O. Palma, Jr., separately appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered January 19, 2005, as granted the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to the trial calendar, and to extend the time to serve and file a note of issue.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, and the complaint is dismissed.

By certification order dated February 5, 2004, the Supreme Court directed the plaintiffs to file a note of issue within 90 days and warned that if they failed to comply with this directive, the action would be deemed dismissed without further order pursuant to CPLR 3216. When the plaintiffs failed to either timely file a note of issue or move to extend the period for doing

so, the action was automatically dismissed (*see Goldberger v Goldberger*, 18 AD3d 499 [2005]; *Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348 [2005]; *Betty v City of New York*, 12 AD3d 472 [2004]; *Sapir v Krause, Inc.*, 8 AD3d 356 [2004]). A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and a meritorious cause of action (*see Goldberger v Goldberger, supra; Giannoccoli v One Cent. Park W. Assoc., supra; Betty v City of New York, supra; Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340 [2002]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). The plaintiffs failed to submit competent medical evidence establishing that the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and therefore, failed to demonstrate a meritorious cause of action (*see Uddin v Mirza*, 10 AD3d 722 [2004]; *LaMacchia v Rogers*, 8 AD3d 346 [2004]). Accordingly, the Supreme Court should have denied the plaintiffs' motion, in effect, inter alia, to vacate the dismissal of the action. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.