IRENEUSZ KOSCINSKI, Respondent, v ST. JOSEPH'S MEDICAL CENTER et al., Defendants, and RICHARD J. RADNA, Appellant. [805 NYS2d 123]—.

In an action, inter alia, to recover damages for medical malpractice, the defendant Richard J. Radna appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated March 21, 2005, as granted the plaintiff's motion to restore the case to "active status," and denied his cross motion to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff failed to comply with a compliance order dated February 24, 2004, which directed him to file a note of issue by a date certain. Contrary to the plaintiff's contention, that order had the same effect as a valid 90-day demand under CPLR 3216, since it specifically stated that the failure to comply may result

in dismissal of the action (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson,* 296 AD2d 562 [2002]; *Werbin v Locicero,* 287 AD2d 617 [2001]). Furthermore, the plaintiff failed to demonstrate a reasonable excuse for his default (*see Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]). Under these circumstances, it was an improvident exercise of discretion to deny the appellant's motion to dismiss the complaint insofar as asserted against him and to grant the plaintiff's motion to restore the case to "active status" (*cf. Betty v City of New York,* 12 AD3d 472, 473 [2004]; *see also Taylor v Gari,* 287 AD2d 557 [2001]; *Meth v Maimonides Med. Ctr.*, 99 AD2d 799, 800 [1984]).

In light of our determination, it is unnecessary to reach the appellant's remaining contentions. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.