■ PHILIP MAHLER, Respondent, v MILTA TORRES et al., Appellants. [811 NYS2d 723]—

In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated March 4, 2005, as upon, in effect, granting that branch of their motion which was to vacate an order of the same court dated December 2, 2004, which, upon their default, granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216, granted the plaintiff's motion on the merits and vacated the dismissal of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied on the merits, and the action is dismissed.

The compliance conference order dated May 17, 2004, directing the plaintiff to serve and file a note of issue by September 13, 2004, and warning that the failure to comply would result in

dismissal, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Giannoccoli v One Cent. Park W. Assoc.,* 15 AD3d 348 [2005]; *Betty v City of New York,* 12 AD3d 472 [2004]; *Vinikour v Jamaica Hosp.,* 2 AD3d 518 [2003]). The plaintiff failed to comply with this order either by timely serving and filing a note of issue or moving to extend the period for doing so, and the action was properly dismissed pursuant to CPLR 3216 (*see Giannoccoli v One Cent. Park W. Assoc., supra; Werbin v Locicero,* 287 AD2d 617 [2001]; *Flomenhaft v Baron,* 281 AD2d 389, 390 [2001]).

A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default and a meritorious cause of action (*see Betty v City of New York, supra; Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340 [2002]). Here, the plaintiff failed to demonstrate that his cause of action to recover damages for legal malpractice was meritorious (*see Lichtenstein v Barenbaum,* 23 AD3d 440 [2005]; *Levy v Greenberg,* 19 AD3d 462 [2005]). Accordingly, his motion to vacate the dismissal of the action should have been denied. Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.