■ SCOTT PARKIN et al., Appellants, v LOUIS S. EDERER et al., Respondents. [810 NYS2d 901]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Burke, J.), dated November 9, 2004, which denied their motion, inter alia, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the active calendar, and extend their time to file a note of issue, and (2) an order of the same court dated February 1, 2005 which denied their motion for leave to reargue their prior motion.

Ordered that the appeal from the order dated February 1, 2005 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 9, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

By conditional order of dismissal dated February 4, 2004 the Supreme Court directed the plaintiffs to file a note of issue no later than June 2, 2004 and warned that the failure to timely file the note of issue would result in the dismissal of the complaint pursuant to CPLR 3216. When the plaintiffs failed to either timely file a note of issue or move to extend the period for doing so, the action was automatically dismissed (see Rezene v Williams, 22 AD3d 656 [2005]; Giannoccoli v One Cent. Park W. Assoc., 15 AD3d 348 [2005]; cf. Goldberger v Goldberger, 18 AD3d 499 [2005]). A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice and a meritorious cause of action (see Rezene v Williams, supra at 657; Betty v City of New York, 12 AD3d 472, 473 [2004]; Wechsler v First Unum Life Ins. Co., 295 AD2d 340, 341 [2002]). The plaintiffs failed to demonstrate a reasonable excuse for their default. Furthermore, the excuse and the exhibits to substantiate it were submitted for the first time in the plaintiffs' reply papers. and thus were not properly before the Supreme Court (see CPLR 2214; Osborne v Zornberg, 16 AD3d 643, 645 [2005]; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 355 [2005]; Sanz v Discount Auto, 10 AD3d 395 [2004]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.