In an action, inter alia, to recover damages for medical malpractice and negligence, the defendants Jeffrey T. Kessler, Dwight J. Rosenstein, and Neurological Associates of Long Island, EC., appeal, and the defendants North Shore University Hospital and North Shore University Hospital at Glen Cove separately appeal, from an order of the Supreme Court, Nassau County (Cozzens, J.), dated September 30, 2005, which granted the plaintiffs motion to vacate a judgment of the same court dated January 27, 2005, dismissing the action pursuant to CFLR 3216 for failure to prosecute.
Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The compliance conference order dated September 1, 2004, directing the plaintiffs to serve and file a note of issue within 90 days and warning that the failure to comply would result in dismissal, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Giannoccoli v One Cent. Park W. Assoc., 15 AD3d 348 [2005]; Betty v City of New York, 12 AD3d 472, 473 [2004]; Vinikour v Jamaica Hosp., 2 AD3d 518, 519 [2003]). The plaintiffs failed to comply with this order either by timely serving and filing a note of issue or by moving to extend the period for doing so, and the action was properly dismissed pursuant to CFLR 3216 (see Giannoccoli v One Cent. Park W. Assoc., supra; Werbin v Locicero, 287 AD2d 617, 617-618 [2001]; Flomenhaft v Baron, 281 AD2d 389, 390 [2001]).
A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default and a meritorious cause of action (see Betty v City of New York, supra; Wechsler v First Unum Life Ins. Co., 295 AD2d 340, 341 [2002]). The assertion by the plaintiffs’ counsel that the retirement of his secretary from his firm was the cause of the failure to file the note of issue amounted to excusable law office failure (see CPLR 2005; Goldman v Cotter, *719 10 AD3d 289, 291 [2004]; Polir Constr. v Etingin, 297 AD2d 509, 513 [2002]). Further, the court properly considered the affidavit of a medical expert submitted by the plaintiffs in reply papers because the defendants had an opportunity to respond and submit papers in surreply (see Guarneri v St. John, 18 AD3d 813, 813-814 [2005]; Matter of Hayden v County of Nassau, 16 AD3d 415, 416 [2005]; Basile v Grand Union Co., 196 AD2d 836, 837 [1993]; Fiore v Oakwood Plaza Shopping Ctr., 164 AD2d 737, 739 [1991], affd 78 NY2d 572 [1991], cert denied 506 US 823 [1992]). The plaintiffs’ evidence was sufficient to demonstrate that the causes of action to recover damages, inter alia, for negligence and medical malpractice were meritorious (see Sheridan v Mid-Island Hosp., Inc., 9 AD3d 490, 491 [2004]; Storchevoy v Blinderman, 303 AD2d 672, 673 [2003]). Accordingly, the plaintiffs’ motion to vacate the judgment dismissing the action was properly granted. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.