■ DANE BOWMAN, Appellant, v JOSEPH KUSNICK et al., Respondents. [827 NYS2d 258]—

In an action, inter alia, to recover damages for discrimination on the basis of race in violation of Executive Law § 296 (Human Rights Law), the plaintiff appeals from an order of the Supreme Court, Kings County (Silverman, J.), dated September 28, 2005, which denied his motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216, restore the action to the active calendar, and extend his time to file a note of issue.

Ordered that the order is affirmed, with costs.

The compliance conference order dated September 25, 2003 directing the plaintiff to file a note of issue on or before Janu-

ary 21, 2004 and warning that failure to comply would result in the dismissal of the action had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Hoffman v Kessler*, 28 AD3d 718 [2006]; *C&S Realty, Inc. v Soloff*, 22 AD3d 515 [2005]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]). The order was signed by counsel for both parties. The plaintiff failed to comply with this order either by timely serving and filing a note of issue or by moving to extend the period for doing so, and the action was properly dismissed pursuant to CPLR 3216 (*see Hoffman v Kessler, supra*).

To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a reasonable excuse for his default and a meritorious cause of action (*see Betty v City of New York*, 12 AD3d 472, 473 [2004]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 341 [2002]). While the court may accept law office failure that is not willful or deliberate as a reasonable excuse (*see Reyes v Ross*, 289 AD2d 554 [2001]; *Flomenhaft v Baron*, 281 AD2d 389 [2001]), conclusory and unsubstantiated assertions of law office failure are insufficient (*see Werbin v Locicero*, 287 AD2d 617 [2001]), and a pattern of willful default and neglect will not be excused (*see Wechsler v First Unum Life Ins. Co., supra* at 341; *Wynne v Wagner*, 262 AD2d 556 [1999]; *Campenni v Ridgecroft Estates Owners*, 261 AD2d 496 [1999]).

The plaintiff failed to demonstrate what steps, if any, he took to conduct further discovery during the four-month period before the January 21, 2004 deadline for filing a note of issue. The assertion by the plaintiff's attorney that the delay in conducting discovery was due to a calendar error did not adequately explain his failure to conduct further discovery or his over one-year delay in moving to vacate the default (*see Wechsler v First Unum Life Ins. Co., supra*; *Williams v Pratt Inst.*, 212 AD2d 692 [1995]). Furthermore, the excuses proffered by the plaintiff's attorney for the first time in reply were not properly before the court (*see* CPLR 2214; *Parkin v Ederer*, 27 AD3d 633 [2006]). Accordingly, the court providently exercised its discretion in denying the plaintiff's motion, inter alia, in effect, to vacate the dismissal of the action pursuant to CPLR 3216. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.