■ CHAUDHARY N. ANJUM, Respondent, v ENVER KARAGOZ et al., Appellants. [852 NYS2d 354]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated May 2, 2007, which granted the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion to vacate the dismissal of the action and to restore the action to the active calendar is denied.

In a compliance conference order dated November 12, 2003, the Supreme Court directed the plaintiff to file a note of issue on or before February 11, 2004 and warned that the action would be deemed dismissed if the plaintiff failed to comply. Counsel for the plaintiff signed the order. This order had the same effect as a 90-day notice pursuant to CPLR 3216 (*see Hoffman v Kessler,* 28 AD3d 718 [2006]; *Rezene v Williams,* 22 AD3d 656, 657 [2005]; *Vinikour v Jamaica Hosp.,* 2 AD3d 518, 519 [2003]). The plaintiff failed to comply with this order either by timely serving and filing a note of issue or by moving to extend the period for doing so, and the action was properly dismissed pursuant to CPLR 3216 (*see Giannoccoli v One Cent. Park W. Assoc.,* 15 AD3d 348 [2005]; *Werbin v Locicero,* 287 AD2d 617, 617-618 [2001]; *Flomenhaft v Baron,* 281 AD2d 389, 390 [2001]).

To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a justifiable excuse for the delay in properly responding to the 90-day notice and a meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Randolph v Cornell,* 29 AD3d 557, 558 [2006]; *Johnson v State Farm Mut. Auto. Ins. Co.,* 291 AD2d 533 [2002]; *Moran v Pathmark Stores,* 278 AD2d 208, 209 [2000]). The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to vacate the dismissal of the action pursuant to CPLR 3216. The proffered excuse, that the plaintiff disappeared and failed to maintain contact with his attorney, was inadequate to justify the two-year and nine-month delay in responding to the 90-day notice (*see Kang v LaGuardia Hosp.,* 12 AD3d 347, 348 [2004]; *Florestal v Little Flower Children's Servs. of N.Y.,* 9 AD3d 348

[2004]; *Palermo v County of Nassau,* 266 AD2d 365, 366 [1999]). Accordingly, the plaintiff's motion should have been denied. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.