■ Steve Huger et al., Appellants, v Cushman & Wakefield, Inc., Defendant and Third-Party Plaintiff-Respondent, and Meli Borrelli Associates et al., Respondents. Nastasi White Inc., Third-Party Defendant-Respondent. [871 NYS2d 669]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated September 20, 2007, as granted those branches of the cross motion of the third-party defendant which were to dismiss the complaint, the third-party complaint, and all cross claims pursuant to CPLR 3216.

Ordered that the appeal from so much of the order as granted those branches of the cross motion which were to dismiss the third-party complaint and all cross claims is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Initially, we note that the plaintiffs' appeal is limited by their notice of appeal to so much of the order as granted that branch of the cross motion of the third-party defendant which was to dismiss the complaint pursuant to CPLR 3216. Given the limited scope of the plaintiffs' notice of appeal, their contentions concerning the Supreme Court's denial of their motion are not properly before this Court (*see Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 55 AD3d 723 [2008]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516 [1997]).

The Supreme Court correctly granted that branch of the third-party defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3216. CPLR 3216 (a) provides that the court may dismiss a party's pleading where the party unreasonably fails to serve and file a note of issue. Certain conditions precedent to dismissal must be met, including that one year has elapsed since joinder of issue, and that the court or the party seeking such relief has served a written demand for the serving and filing of the note of issue within 90 days (*see* CPLR 3216 [b]). In the event that the party on whom the demand is served fails to serve and file a note of issue within the prescribed time, the court may dismiss that party's pleading unless that party shows "a justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]). Here, the excuses tendered by the plaintiffs failed to adequately explain their failure to timely serve and file a note of issue.

A compliance conference order dated January 8, 2004, which warned the plaintiffs that the failure to serve and file a note of issue would result in dismissal of the action, had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Benitez v Mutual of Am. Life Ins. Co.,* 24 AD3d 708 [2005]; *Giannoccoli v One Cent. Park W. Assoc.,* 15 AD3d 348 [2005]; *Betty v City of New York,* 12 AD3d 472 [2004]; *Wechsler v First Unum Life Ins. Co.,* 295 AD2d 340 [2002]). Contrary to the plaintiffs' contention, neither that order, nor the order dated December 12, 2005 which extended the deadline for the filing of the note of issue, mandated that all discovery be complete prior to the serving and filing of the note of issue. Accordingly, even if the defendants engaged in dilatory conduct in responding to discovery demands, such conduct did not constitute a reasonable excuse for the plaintiffs' failure to respond to the 90-day notice (*see McKinney v Corby,* 295 AD2d 580 [2002]; *see also Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503-504 [1997]; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552 [1989]). If the defendants were, in fact, impeding discovery, the plaintiffs were not without remedies. For example, they could have moved for permission to serve and file a conditional note of issue pursuant to 22 NYCRR 202.21 (d), to compel disclosure pursuant to CPLR 3124, to strike the defendants' answers pursuant to CPLR 3126 (3), or pursuant to CPLR 2004, prior to the default date, to extend the time to serve and file the note of issue (*cf. Petersen v Lysaght, Lysaght & Kramer, P.C.,* 47 AD3d 783 [2008]; *Vinikour v Jamaica Hosp.,* 2 AD3d 518 [2003]). However, the plaintiffs failed to avail themselves of any of these options, and instead waited until 10 months after their latest default to seek another extension of time. Since the plaintiffs failed to demonstrate a justifiable excuse for their failure to serve and file the note of issue within the time limit imposed by the Supreme Court, that branch of the third-party defendant's cross motion which was to dismiss the complaint pursuant to CPLR 3216 was properly granted.

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.