■ ANDRE WRIGHT, Appellant, v LAWRENCE STAM et al., Respondents. [916 NYS2d 520]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated March 11, 2010, as granted that branch of the motion of the defendant Laurence Peter Mark which was to appoint a guardian ad litem on the plaintiff's behalf only to the extent of directing a hearing on that issue, granted that branch of the motion of the defendant Laurence Peter Mark and joint application of the remaining defendants which was to compel the plaintiff to provide authorizations pursuant to Arons v Jutkowitz (9 NY3d 393 [2007]), and, sua sponte, directed the plaintiff to undergo a psychological evaluation.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to appoint a guardian ad litem on the plaintiff's behalf only to the extent of directing a hearing on that issue is dismissed, as no appeal lies as of right from an order directing a hearing to aid in the determination of

a motion, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Zoref v Glassman*, 44 AD3d 1036 [2007]); and it is further,

Ordered that the appeal from so much of the order as, sua sponte, directed the plaintiff to undergo a psychological evaluation is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Ciprijan v Stone*, 65 AD3d 659 [2009]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, the decision of the Court of Appeals in *Arons v Jutkowitz* (9 NY3d 393 [2007]) does not prohibit defense counsel from conducting an ex parte interview with a nonparty physician before a note of issue has been filed. Rather, "the filing of a note of issue denotes the completion of discovery, not the occasion to launch another phase of it" (*id.* at 411). Accordingly, the Supreme Court did not err in granting that branch of the motion and joint application which was to compel the plaintiff to provide authorizations permitting informal, ex parte interviews with the plaintiff's health care providers (*see Shefer v Tepper*, 73 AD3d 447 [2010]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.