■ CHARLES WOLD, Appellant, v CITY OF NEW YORK, Respondent. [924 NYS2d 829]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered September 22, 2010, as, upon reargument, adhered to its original determination in an order dated April 17, 2007, denying those branches of his motion which were to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to active status, and to extend the time to file a note of issue, and, sua sponte, dismissed the action pursuant to 22 NYCRR 202.27.

Ordered that the appeal from so much of the order as, sua sponte, dismissed the action pursuant to 22 NYCRR 202.27 is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not determine a motion made on notice, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Wright v Stam*, 81 AD3d 721, 721-722 [2011]); and it is further,

Ordered that order is affirmed insofar as reviewed, without costs or disbursements.

The compliance conference order dated June 16, 1998, directing the plaintiff to file a note of issue within 90 days and warning that the action could be dismissed if the plaintiff failed to comply, had the same effect as a 90-day notice pursuant to CPLR 3216 (*see Hoffman v Kessler*, 28 AD3d 718 [2006]; *Rezene v Williams*, 22 AD3d 656 [2005]; *C&S Realty, Inc. v Soloff*, 22 AD3d 515 [2005]). In light of the plaintiff's failure to comply with that order either by filing a timely note of issue or by moving to extend the period for doing so, the action was properly dismissed

pursuant to CPLR 3216 on January 22, 1999 (*see Felix v County of Nassau*, 52 AD3d 653, 654 [2008]; *Giannoccoli v One Cent. Park W. Assoc.*, 15 AD3d 348, 349 [2005]; *Werbin v Locicero*, 287 AD2d 617, 617-618 [2001]). The plaintiff failed to move to vacate the dismissal within one year (*see* CPLR 5015 [a] [1]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination denying those branches of the plaintiff's motion which were to vacate the dismissal of the action pursuant to CPLR 3216, to restore the action to active status, and to extend the time to file a note of issue (*see Polizzi v Burke*, 72 AD3d 781, 782 [2010]; *Shcherbina v Queens Nassau Nursing Home, Inc.*, 66 AD3d 869 [2009]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]). Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.