OPINION OF THE COURT
Alfred J. Weiner, J.
Motion by defendant for an order pursuant to CPLR 3101 and Arons v Jutkowitz[1] compelling plaintiffs to provide HIPAA (Health Insurance Portability and Accountability Act) compliant authorizations permitting defendant to conduct ex parte interviews with plaintiffs’ decedent’s nonparty treating physicians and for an order pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR) imposing sanctions against plaintiffs or plaintiffs’ counsel; and cross motion by plaintiffs for an order delaying plaintiffs’ furnishing of Arons authorizations until after defendant is deposed or, in the alternative, an order striking defendant’s answer for failure to appear for depositions.
It is ordered these applications are disposed of as follows:
This action, sounding in medical malpractice, was commenced upon the filing of the summons on June 21, 2010.[2] Plaintiffs’ complaint alleges, in substance, that defendant failed to timely diagnose the tonsillar cancer that resulted in the death of plaintiffs’ decedent.
In the course of discovery, defendant requested that plaintiffs provide HIPAA compliant authorizations pursuant to Arons v *867 Jutkowitz, thereby permitting defendant’s counsel to engage in informal communications with plaintiffs’ decedent’s nonparty treating physicians. However, the authorizations provided by plaintiffs were not pursuant to Arons and bore the following notation: “NO INTERVIEWS OR STATEMENTS ARE ALLOWED! HIPAA 45 CFR Sec. 164.508 (a) prohibits any interviews.”
Thereafter, defendant’s attorney asked plaintiffs’ counsel to furnish Arons authorizations that omitted this notation. Plaintiffs communicated their refusal to furnish the Arons authorizations in the form requested, thus prompting defendant’s instant applications.
Defendant contends that he is entitled to receive authorizations to permit his counsel to conduct private interviews of plaintiffs’ decedent’s nonparty treating physicians. He cites Arons (supra) in support of his contention. Defendant’s counsel further states that the plaintiffs’ failure to provide such authorizations warrants the imposition of sanctions pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
Plaintiffs oppose the motion to the extent that they assert that the Arons authorizations should be provided “at the appropriate time.” Specifically, plaintiffs contend they are willing to provide such authorizations, but only after defendant has been fully deposed as to his personal knowledge of the case. Plaintiffs believe that requiring defendant to be deposed prior to furnishing the Arons authorizations ensures that defendant’s deposition testimony will not to be “colored or skewed by after-acquired information” gleaned through ex parte interviews with other treating physicians. In further support of plaintiffs’ contentions, counsel states that Arons authorizations have received harsh legislative scrutiny and contends that it is likely that the New York State Legislature will imminently prohibit such authorizations, thereby rendering the issue moot.
In Arons, the Court of Appeals reaffirmed its prior holding that “so long as measures are taken to steer clear of privileged or confidential information, adversary counsel may conduct ex parte interviews of an opposing party’s former employee” (Arons, 9 NY3d at 408, quoting Muriel Siebert & Co., Inc. v Intuit Inc., 8 NY3d 506, 511 [2007]; Niesig v Team I, 76 NY2d 363 [1990]). The Court then expanded the rule to include nonparty treating physicians, holding, “[w]e see no reason why a nonparty treating physician should be less available for an off- *868 the-record interview than the corporate employees in Niesig or the former corporate executive in Siebert.” (id. at 409.) In doing so, the Court further stated that “[p]laintiffs waived the physician-patient privilege as to this information when they brought suit, so there was no basis for their refusal to furnish the requested HIPAA-compliant authorizations.” (Id. at 415.)
The Court of Appeals highlighted that even when presented with a HIPAA compliant authorization, “it bears repeating that the treating physicians remain entirely free to decide whether or not to cooperate with defense counsel.” (Id. at 416.) In sum, “HIPAA-compliant authorizations and HIPAA court orders cannot force a health care professional to communicate with anyone; they merely signal compliance with HIPAA and the Privacy Rule as is required before any use or disclosure of protected health information may take place.” (Id.)
Although plaintiffs contend that it is possible or even likely that Arons authorizations may be rendered moot by the New York State Legislature, such an argument is, nonetheless, speculative. Until such legislative action, the mandates and procedures outlined in Arons require plaintiffs to provide authorizations that satisfy HIPAA and the related privacy rule as a procedural prerequisite to this informal discovery. (See 45 CFR parts 160, 164; see also Arons, 9 NY3d at 415.)
Counsel notes the absence of precedent regarding the specific issue presented in this application and the court’s independent research corroborates this observation. As such, this factual scenario is a case of first impression, as reported cases interpreting and applying Arons address the temporal interplay between informal communications pursuant to Arons and the filing of the note of issue rather than the deposition of a party. (See e.g. Shefer v Tepper, 73 AD3d 447 [1st Dept 2010]; Wright v Stam, 81 AD3d 721 [2d Dept 2011].)
The court finds that plaintiffs’ decision to withhold Arons authorizations until defendant submits to a deposition is inconsistent with the Arons precedent establishing a plaintiffs unqualified obligation to furnish such authorizations once he or she affirmatively places his or her mental or physical condition in issue. Plaintiffs’ concerns that defendant’s deposition testimony may be “colored” or “skewed” by informal communications with plaintiffs’ decedent’s nonparty treating physicians does not warrant establishing defendant’s deposition as a condition precedent to the acquisition of Arons authorizations. Plaintiff, having waived the physician-patient privilege in bringing this action, cannot place further conditions upon furnishing *869 HIPAA compliant authorizations other than the mandates enumerated in Arons.
Given the foregoing, the court finds that plaintiffs have offered no factual reason why defendant should not be permitted to have an off-the-record interview with the nonparty treating physician(s) or health care providers of plaintiffs’ decedent prior to defendant’s deposition. Accordingly, that branch of defendant’s motion seeking an order compelling plaintiffs to provide HIPAA compliant authorizations permitting defendant to conduct ex parte interviews with plaintiffs’ decedent’s nonparty treating physicians is granted. Plaintiffs are hereby directed to provide Arons authorizations to defendant within 14 days of the date hereof.
Defendant’s Request for Sanctions
Defendant also seeks an order imposing sanctions contending that plaintiffs’ refusal to provide HIPAA compliant authorizations amounts to frivolous conduct.
22 NYCRR § 130-1.1 (c) defines conduct as being “frivolous” if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.”
Since there has been no showing that paragraphs (2) and (3) of 22 NYCRR 130-1.1 (c) are applicable, the issue remains as to whether movant’s application was “completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.”
The court finds that the argument of counsel for the plaintiffs setting forth why the delivery of the authorizations should be deferred is well-founded and not “completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law.” (Intercontinental Credit Corp. Div. of Pan Am. Trade Dev. Corp. v Roth, 78 NY2d 306 [1991].) Accordingly, that branch of defendant’s motion must be denied.

. 9 NY3d 393 (2007).

. The case was originally filed in Orange County. When the Orange County Supreme Court determined that Rockland County is the proper venue, the matter was transferred for disposition.