*660 In an action to recover damages for medical malpractice and wrongful death, the defendants Alexander Hoffman and Health Check Medical Center appeal, and the defendants Joshua Pollack and Adhinayak Sharma each separately appeal, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated February 8, 2012, as denied their respective motions pursuant to CPLR 3216, in effect, to dismiss the complaint insofar as asserted against each of them for failure to prosecute.
Ordered that the appeal by the defendant Adhinayak Sharma is dismissed, without costs or disbursements, for failure to perfect the appeal in accordance with the rules of this Court {see 22 NYCRR 670.8 [c], [e]); and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendants Alexander Hoffman and Health Check Medical Center, and the defendant Joshua Pollack; and it is further,
Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants appearing separately and filing separate briefs.
After the plaintiff failed to comply with the 90-day notices of the defendants Alexander Hoffman and Health Check Medical Center, and the defendant Joshua Pollock (hereinafter collectively the movants), they moved pursuant to CPLR 3216, in effect, to dismiss the complaint insofar as asserted against each of them for failure to prosecute. In response to the motions, the plaintiff, to avoid dismissal, was required to demonstrate a justifiable excuse for the delay as well as a potentially meritorious cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Furrukh v Forest Hills Hosp., 107 AD3d 668 [2013]; Jedraszak v County of Westchester, 102 AD3d 924 [2013]; Byers v Winthrop Univ. Hosp., 100 AD3d 817 [2012] ). The determination of what constitutes a reasonable excuse lies within the court’s discretion (see Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]).
Here, it was not an improvident exercise of discretion for the Supreme Court to accept law office failure as an excuse for failing to timely file the note of issue (see CPLR 2005; Las Palmeras De Ossining Rest., Inc. v Midway Ctr. Corp., 107 AD3d 853 [2013] ; Byers v Winthrop Univ. Hosp., 100 AD3d 817 [2012]). Further, the affidavit of the plaintiff’s medical expert was sufficient to establish the potentially meritorious nature of the plaintiffs claim. Although the affidavit of merit was filed after the movants had filed their respective reply papers, the plaintiff had permission to do so, and the movants had the opportunity to respond thereto and submitted papers in response. Accordingly, the affidavit of merit was properly considered (see Hanscom v Goldman, 109 AD3d 964 [2013]).
*661 The movants’ remaining contentions are without merit. Mastro, J.E, Balkin, Sgroi and Hinds-Radix, JJ., concur.