In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered April 16, 2013, which denied his unopposed motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.
Ordered that the order is affirmed, without costs or disbursements.
In a certification order dated July 9, 2012, the Supreme Court directed the plaintiff to file a note of issue within 90 days, and warned that the action would be deemed dismissed without further order of the court if the plaintiff failed to comply with that directive. This order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Bhatti v Empire Realty Assoc., Inc., 101 AD3d 1066, 1067 [2012]; Stallone v Richard, 95 AD3d 875, 876 [2012]; Anjum v Karagoz, 48 AD3d 605 [2008]). Counsel for the plaintiff signed the order, acknowledging receipt thereof. Having received a 90-day notice, the plaintiff was required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (see Fenner v County of Nassau, 80 AD3d 555 [2011]; Sharpe v Osorio, 21 AD3d 467, 468 [2005]). The plaintiff did neither. Accordingly, the action was properly dismissed pursuant to CPLR 3216 (see Bhatti v Empire Realty Assoc., Inc., 101 AD3d at 1067).
To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a justifiable excuse for his failure to comply with the certification order and the existence of a potentially meritorious cause of action (see CPLR 3216 [e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Bhatti v Empire Realty Assoc., Inc., 101 AD3d at 1067; Stallone v Richard, 95 AD3d at 876). The Supreme Court providently exercised its discretion in declining to excuse the default based on the uncorroborated claim of law office failure proffered by the plaintiffs attorney (see CPLR 2005; Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684 [2013]; Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [2012]; Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904 [2008]). Furthermore, the plaintiff failed to submit any medical evidence demonstrating that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a *662 result of the subject motor vehicle accident (see Louis v MTA Long Is. Bus Co., 44 AD3d 628 [2007]; Rezene v Williams, 22 AD3d 656, 657 [2005]; Sharpe v Osorio, 21 AD3d at 468).
Accordingly, the plaintiffs motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar was properly denied.
Mastro, J.E, Hall, Lott, Austin and Duffy, JJ., concur.