■ STEPHEN DURANTI et al., Appellants, v DREAM WORKS CONSTRUCTION, INC., et al., Respondents. [30 NYS3d 838]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 3, 2015, which denied their motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend their time to file a note of issue.

Ordered that the order is affirmed, with costs.

In a certification order dated February 19, 2014, the Supreme Court directed the plaintiffs to file a note of issue within 90 days and warned that the action would be deemed dismissed without further order of the court if the plaintiffs failed to comply with that directive. This order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (see Dai Mang Kim v Hwak Yung Kim, 118 AD3d 661 [2014]; Bhatti v Empire Realty Assoc., Inc., 101 AD3d 1066, 1067 [2012]; Stallone v Richard, 95 AD3d 875, 876 [2012]). Counsel for the plaintiffs signed the order, acknowledging receipt thereof. Having received a 90-day notice, the plaintiffs were required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (see Fenner v County of Nassau, 80 AD3d 555 [2011]; Sharpe v Osorio, 21 AD3d 467, 468 [2005]). The plaintiffs did neither. Accordingly, the action was properly dismissed pursuant to CPLR 3216 (see Bhatti v Empire Realty Assoc., Inc., 101 AD3d at 1067).

To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiffs were required to demonstrate a justifiable excuse

for their failure to comply with the certification order and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Dai Mang Kim v Hwak Yung Kim*, 118 AD3d 661 [2014]). Here, the conclusory and unsubstantiated claim of law office failure proffered by the plaintiffs in support of their motion did not rise to the level of a justifiable excuse (*see Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d at 1067; *Stallone v Richard*, 95 AD3d at 876; *Fenner v County of Nassau*, 80 AD3d at 556). As the plaintiffs failed to provide a justifiable excuse, we need not address whether they established the existence of a potentially meritorious cause of action (*see Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d at 1067; *Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1024 [2009]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate the dismissal of the action pursuant to CPLR 3216 and to extend their time to file a note of issue. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.