■ MARGARET BENDER et al., Respondents, v AUTISM SPEAKS, INC., Appellant. [32 NYS3d 312]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), entered April 6, 2015, which

granted the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar is denied.

On October 4, 2009, the plaintiff Margaret Bender allegedly was injured when she fell on the boardwalk at Jones Beach State Park during a charity walk organized by the defendant, Autism Speaks, Inc. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant in February 2011. In their bill of particulars, the plaintiffs alleged that there was a piece of wood missing from the boardwalk, which created a tripping hazard, and that the defendant was negligent in failing to properly observe and approve the area of the boardwalk where the event took place.

In a certification order dated March 15, 2013, the Supreme Court directed the plaintiffs to file a note of issue within 90 days, and warned that the action would be deemed dismissed without further order of the court if the plaintiffs failed to comply with that directive. This order had the same effect as a valid 90-day notice pursuant to CPLR 3216 (*see Dai Mang Kim v Hwak Yung Kim*, 118 AD3d 661 [2014]; *Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d 1066, 1067 [2012]; *Stallone v Richard*, 95 AD3d 875, 876 [2012]). Counsel for the plaintiffs signed the order, acknowledging receipt thereof. Having received a 90-day notice, the plaintiffs were required either to serve and file a timely note of issue or to move pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue (*see Fenner v County of Nassau*, 80 AD3d 555 [2011]). The plaintiffs did neither, and the action was dismissed pursuant to CPLR 3216 (*see Bhatti v Empire Realty Assoc., Inc.*, 101 AD3d at 1067).

By notice of motion dated December 31, 2014, the plaintiffs moved, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar. To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiffs were required to demonstrate a justifiable excuse for their failure to comply with the certification order and the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Dai Mang Kim v Hwak Yung Kim*, 118 AD3d 661 [2014]). In an attorney affirmation submitted in support of the motion, the plaintiffs' counsel cited law office failure, in that

the plaintiffs' counsel gave the certification order to an employee of his firm, whose employment was later terminated, and the certification order could not be found in the file or on the desk of the former employee. The plaintiffs' counsel also noted that his former law firm ceased operation, and he formed a new law firm. The claim of law office failure was conclusory and unsubstantiated and, under the circumstances presented, did not constitute a reasonable excuse for the default and the delay in moving, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar (*see Vitolo v Suarez*, 130 AD3d 610 [2015]; *Eastern Sav. Bank, FSB v Charles*, 103 AD3d 683, 684 [2013]; *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]).

Furthermore, the plaintiffs failed to submit proof of a potentially meritorious cause of action. The injured plaintiff, in her deposition testimony, acknowledged that she did not know what caused her to fall and relied on hearsay to surmise as to what caused her to fall (*see Viviano v KeyCorp*, 128 AD3d 811 [2015]).

Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.