■ MURIEL STROLL, Individually and as Executor of NORMAN STROLL, Deceased, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER, Respondent. [56 NYS3d 349]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered May 28, 2015, which, upon an order of the same court entered April 30, 2015, denying her motion, inter alia, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar, is in favor of the defendant and against her dismissing the action.

Ordered that the judgment is affirmed, with costs.

Following a compliance conference held on December 23, 2013, the Supreme Court so-ordered a demand pursuant to CPLR 3216 requiring the plaintiff to file a note of issue and certificate of readiness on or before September 8, 2014, and stating that "in the absence of a further order of this Court made pursuant to CPLR § 2004 granting an extension of time to file a note of issue, a default in complying with the foregoing demand may serve as a basis for dismissal of the action for unreasonably neglecting to proceed." The plaintiff's counsel expressly acknowledged receipt of the demand by signing it.

It is undisputed that the plaintiff subsequently failed to comply with the terms of the demand and, as a result, the action was administratively dismissed. The plaintiff then moved, inter alia, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar, on the ground that the administrative dismissal was a legal nullity. The Supreme Court denied the motion, and the plaintiff appeals.

Initially, we note that although CPLR 3216 was amended, effective January 1, 2015, to require that a 90-day demand served by the court set forth the specific conduct constituting the neglect and that notice be given to the parties prior to dismissal of the action for unreasonable neglect to proceed (*see* CPLR 3216 [a], [b] [3]), the Supreme Court's so-ordered demand pursuant to CPLR 3216 and the administrative dismissal of the action predated the amendments. Thus, we do not consider the amendments on this appeal.

Contrary to the plaintiff's contention, the Supreme Court's so-ordered demand pursuant to CPLR 3216 had the same effect as a 90-day notice pursuant to CPLR 3216 (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d 708 [2005]; *Sarva v Chakravorty*, 14 AD3d 689 [2005]; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]). Nor can there be any doubt that the plaintiff's

counsel, who signed the demand, actually received a copy of it (*see Balancio v American Opt. Corp.*, 66 NY2d 750, 751 [1985]; *Duranti v Dream Works Constr., Inc.*, 139 AD3d 1000 [2016]; *Rocha-Silva v St. John's Hosp.*, 70 AD3d 1025 [2010]; *Shcherbina v Queens Nassau Nursing Home, Inc.*, 66 AD3d 869 [2009]; *Anjum v Karagoz*, 48 AD3d 605 [2008]; *Bokhari v Home Depot U.S.A.*, 4 AD3d at 381-382).

Therefore, the plaintiff was required either to timely file a note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004. Since the plaintiff did neither, the action was properly dismissed pursuant to CPLR 3216 on the Supreme Court's own initiative (*see Benitez v Mutual of Am. Life Ins. Co.*, 24 AD3d at 708; *Bokhari v Home Depot U.S.A.*, 4 AD3d 381 [2004]).

In order to vacate the dismissal, the plaintiff was required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action (*see* CPLR 3216 [e]; *Duranti v Dream Works Constr., Inc.*, 139 AD3d at 1000-1001; *Bender v Autism Speaks, Inc.*, 139 AD3d 989, 990 [2016]). The plaintiff, however, made neither of these showings. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of her motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar.

The plaintiff's remaining contention is academic in light of our determination. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.