Appeal from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated September 22, 2015. The order granted the motion of the defendant Manual Inga pursuant to CPLR 3216 to dismiss the action insofar as asserted against him for failure to prosecute.
 

 Ordered that the order is affirmed, with costs.
 

 In March 2009, the plaintiff commenced this action to foreclose a mortgage against Manual Inga (hereinafter the defendant) and Maria Inga, among others. The defendant served an answer dated May 1, 2009. On October 10, 2014, the defendant served a 90-day demand to resume prosecution and, when the plaintiff failed to comply, moved pursuant to CPLR 3216 to dismiss the action insofar as asserted against him. In an order dated September 22, 2015, the Supreme Court granted the motion. The plaintiff appeals.
 

 Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216 (b) (3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (see Belson v Dix Hills A.C., Inc., 119 AD3d 623, 623 [2014]; Griffith v Wray, 109 AD3d 512, 513-514 [2013]; Cope v Barakaat, 89 AD3d 670, 671 [2011]). The plaintiff failed to do either within the 90-day period. Therefore, in order to excuse the default, the plaintiff was required to demonstrate a justifiable excuse for its failure to timely file the note of issue or move to either vacate the demand or extend the 90-day period, as well as a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Furrukh v Forest Hills Hosp., 107 AD3d 668 [2013]; Jedraszak v County of Westchester, 102 AD3d 924 [2013]). Nevertheless, it has been said that CPLR 3216 is “extremely forgiving” (Baczkowski v Collins Constr. Co., 89 NY2d at 503), “in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff’s action based on the plaintiff’s unreasonable neglect to proceed” (Davis v Goodsell, 6 AD3d 382, 383 [2004]; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633 [2003]; Baczkowski v Collins Constr. Co., 89 NY2d at 504-505; Atterberry v Serlin & Serlin, 85 AD3d 949 [2011]).
 

 Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendant’s motion pursuant to CPLR 3216 to dismiss the action insofar as asserted against him. The plaintiff took no action whatsoever in the five years from the time the case was released from the foreclosure settlement part on October 15, 2009, until the defendant served his 90-day demand on October 10, 2014. Moreover, after failing to comply with the 90-day deadline, the plaintiff took no action for five months before belatedly filing a note of issue. The plaintiff failed to provide a justifiable excuse for its delay in filing a note of issue and failed to demonstrate a potentially meritorious cause of action. The plaintiff’s further contention that dismissal was too harsh a sanction, and that a lesser sanction was more appropriate under the circumstances, is unavailing, given the plaintiff’s “pattern [ ] of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution and lack of any tenable excuse for such delay” (Schneider v Meltzer, 266 AD2d 801, 802 [1999]).
 

 Rivera, J.P., Hall, Miller and Duffy, JJ., concur.