Levy v Berman Motorcars (2018 NY Slip Op 05149)





Levy v Berman Motorcars


2018 NY Slip Op 05149


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-00084
 (Index No. 15306/10)

[*1]Marlon O. Levy, respondent, 
v
Berman Motorcars, defendant, Dennis Newby, appellant.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for appellant.
Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dennis Newby appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), dated November 3, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
To vacate the dismissal of the action pursuant to CPLR 3216 and restore the case to the calendar, the plaintiff was required to demonstrate a reasonable excuse for his failure to timely file a note of issue and the existence of a potentially meritorious cause of action (see CPLR 3216[e]; Bender v Autism Speaks, Inc., 139 AD3d 989, 990; Bischoff v Hoffman, 112 AD3d 659; Las Palmeras De Ossining Rest., Inc. v Midway Ctr. Corp., 107 AD3d 853, 853-854; Hoffman v Kessler, 28 AD3d 718). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court (see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595). Under the circumstances presented here, the Supreme Court providently exercised its discretion in accepting law office failure as a reasonable excuse (see Bischoff v Hoffman, 112 AD3d at 660; Las Palmeras De Ossining Rest., Inc. v Midway Ctr. Corp., 107 AD3d at 853-854; Hoffman v Kessler, 28 AD3d at 718). Further, the plaintiff demonstrated the existence of a potentially meritorious cause of action (see Donnelly v Treeline Cos., 66 AD3d 563, cf. Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 784).
The appellant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the calendar.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court