Fremont Inv. & Loan v Fausta (2018 NY Slip Op 06084)





Fremont Inv. & Loan v Fausta


2018 NY Slip Op 06084


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-04238
 (Index No. 33307/07)

[*1]Fremont Investment and Loan, plaintiff, 
v
Yves Fausta, et al., defendants, Bertha Fausta, appellant; HSBC Bank USA, National Association, etc., nonparty-respondent.


Thomas Torto, New York, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bertha Fausta appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated March 9, 2016. The order granted that branch of the motion of nonparty HSBC Bank USA, National Association, as assignee of the plaintiff, which was to vacate the dismissal of the action and to restore the action to the calendar.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the motion of nonparty HSBC Bank USA, National Association, which was to vacate the dismissal of the action and restore the action to the calendar is denied.
In this action to foreclose a mortgage, the Supreme Court, in an order, conditionally dismissed the action pursuant to CPLR 3216, as more than one year had elapsed since the joinder of issue and the plaintiff had unreasonably neglected to prosecute the action. The court stated that the plaintiff could file a note of issue or otherwise proceed by motion for entry of judgment within 90 days and warned that failure to comply with the terms of the order would result in the dismissal of the action. The plaintiff failed to comply with the order, and the action was dismissed. Thereafter, HSBC Bank USA, National Association (hereinafter HSBC), as the plaintiff's assignee, moved, inter alia, to vacate the dismissal of the action and restore the action to the calendar. The court granted that branch of the motion. The defendant Bertha Fausta appeals.
To vacate the dismissal, HSBC was required to demonstrate a justifiable excuse for the noncompliance with the conditional order of dismissal and the existence of a potentially meritorious cause of action (see CPLR 3216; Bender v Autism Speaks, Inc., 139 AD3d 989, 990; Trust Co. of N.J. v Genser, 271 AD2d 524, 526; see generally Baczkowski v Collins Constr. Co., 89 NY2d 499, 503). Here, the proffered excuse of law office failure by prior counsel in failing to timely file a note of issue or move for entry of judgment was conclusory and wholly unsubstantiated (see CPLR 2005; OneWest Bank, FSB v Singer, 153 AD3d 714, 716; Bender v Autism Speaks, Inc., 139 AD3d at 990-991; Fenner v County of Nassau, 80 AD3d 555, 556). HSBC did not proffer an affidavit from anyone with personal knowledge of the purported law office failure and failed to provide any details regarding such failure. Therefore, the allegation of law office failure did not rise to the level of a reasonable excuse (see OneWest Bank, FSB v Singer, 153 AD3d at 716; Baruch v Nassau County, 134 AD3d 658, 659; Stallone v Richard, 95 AD3d 875).
Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of HSBC's motion which was to vacate the dismissal of the action and to restore the action to the calendar, and should have denied that branch of the motion (see OneWest Bank, FSB v Singer, 153 AD3d at 716).
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court