Angamarca v 47-51 Bridge St. Prop., LLC (2018 NY Slip Op 08273)





Angamarca v 47-51 Bridge St. Prop., LLC


2018 NY Slip Op 08273


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-09974
 (Index No. 505451/15)

[*1]Luis Angamarca, respondent, 
v
47-51 Bridge Street Property, LLC, et al., appellants (and third-party actions).


Litchfield Cavo LLP, New York, NY (Dennis J. Dozis and Morgan E. Mueller of counsel), for appellants.
Valdebenito & Associates, P.C. (Matthew Voelpel and Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 20, 2017. The order denied the defendants' motion pursuant to CPLR 3216 to dismiss the action for failure to prosecute.
ORDERED that the order is affirmed, with costs.
In May 2015, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants served their separate answers on or about September 14, 2015. On August 12, 2016, the defendants served a 90-day demand to resume prosecution. When the plaintiff failed to comply, the defendants moved pursuant to CPLR 3216 to dismiss the action for failure to prosecute. In an order dated April 20, 2017, the Supreme Court denied the motion. The defendants appeal.
Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216(b)(3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760). The plaintiff here failed to do either within the 90-day period. Therefore, in order to excuse the default, the plaintiff was required to demonstrate a justifiable excuse for his failure to timely file the note of issue or move to either vacate the demand or extend the 90-day period, as well as a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Bischoff v Hoffman, 112 AD3d 659).
It has been said that CPLR 3216 is "extremely forgiving" (Baczkowski v Collins Constr. Co., 89 NY2d at 503), "in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 383; see Di Simone v Good Samaritan Hosp., 100 NY2d 632, 633; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendants' motion pursuant to CPLR 3216 to dismiss the action. The plaintiff provided a justifiable excuse for its delay in filing a note of issue [*2]and demonstrated a potentially meritorious cause of action. Furthermore, there was no evidence of a pattern of persistent neglect or delay in prosecuting the action, or an intent to abandon the action (see Vera v New York El. & Elec. Corp., 150 AD3d 927, 928; Altman v Donnenfeld, 119 AD3d 828; Bischoff v Hoffman, 112 AD3d at 660; Malcolm v Rite Aid of N.Y., Inc., 100 AD3d 837; cf. Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761).
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court