Element E, LLC v Allyson Enters., Inc. (2018 NY Slip Op 08915)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Element E, LLC v Allyson Enters., Inc.

2018 NY Slip Op 08915

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-04328
(Index No. 15310/10)

[*1]Element E, LLC, appellant, 
vAllyson Enterprises, Inc., respondent, et al., defendants.

Leonard Rodney, Mineola, NY, for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Joseph R. Harbeson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting, the plaintiff appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 22, 2017. The order denied the plaintiff's motion pursuant to CPLR 3216(a) for an extension of time to file a note of issue and to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, without costs or disbursements, that branch of the plaintiff's motion which was to restore the action to the active calendar is granted, and that branch of the plaintiff's motion which was for an extension of time to file a note of issue is granted to the extent that the matter is remitted to the Supreme Court, Nassau County, for the issuance of a 90-day notice in accordance with CPLR 3216.
On January 14, 2013, during a certification conference, the Supreme Court issued an order, which was executed by counsel for the parties, stating that the case was "hereby certified for trial." The order directed, inter alia, that the plaintiff file a note of issue within 90 days, and warned that "[i]f plaintiff does not file a note of issue within 90 days this action is deemed dismissed without further order of the Court." The plaintiff failed to file the note of issue, and the action was deemed "dismissed" in April 2013. In January 2016, the plaintiff moved for an extension of time to file the note of issue and to restore the action to the active calendar. The court denied the motion, and the plaintiff appeals.
An action cannot be dismissed pursuant to CPLR 3216(a) "unless a written demand is served upon the party against whom such relief is sought' in accordance with the statutory requirements, along with a statement that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed'" (Cadichon v Facelle, 18 NY3d 230, 235, quoting CPLR 3216[b][3]; see Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d 1020, 1021).
Here, the court order which purported to serve as a 90-day notice pursuant to CPLR [*2]3216 "was defective in that it failed to state that the plaintiff's failure to comply with the notice will serve as a basis for a motion' by the court to dismiss the action for failure to prosecute" (Deutsche Bank Natl. Trust Co. v Cotton, 147 AD3d at 1021, quoting CPLR 3216[b][3]; see Cadichon v Facelle, 18 NY3d at 235; US Bank N.A. v Saraceno, 147 AD3d 1005, 1006; Wasif v Khan, 82 AD3d 1084, 1085). Moreover, the record contains no evidence that the court ever made a motion to dismiss, or that there was an "order" of the court dismissing the case (see Cadichon v Facelle, 18 NY3d at 236). As in Cadichon v Facelle (id.), "[i]t is evident from this record that the case was ministerially dismissed," without the court having made a motion, and "without the entry of any formal order by the court dismissing the matter" (see US Bank N.A. v Saraceno, 147 AD3d at 1006). The procedural device of dismissing an action for failure to prosecute is a legislative creation, not a part of a court's inherent power (see Airmont Homes v Town of Ramapo, 69 NY2d 901, 902), and, therefore, a court desiring to dismiss an action based upon the plaintiff's failure to prosecute must follow the statutory preconditions under CPLR 3216.
Since the action was not properly dismissed pursuant to CPLR 3216, the Supreme Court should have granted that branch of the plaintiff's motion which was to restore the action to the active calendar. To the extent that prior cases from this Court are inconsistent with the holding herein (see e.g. Stroll v Long Is. Jewish Med. Ctr., 151 AD3d 789; Duranti v Dream Works Constr., Inc., 139 AD3d 1000, 1000; Bender v Autism Speaks, Inc., 139 AD3d 989; Dai Mang Kim v Hwak Yung Kim, 118 AD3d 661, 661; Bhatti v Empire Realty Assoc., Inc., 101 AD3d 1066, 1067), henceforth they should no longer be followed.
Notably, the order purporting to be a 90-day demand was issued at a time when disclosure was complete, and when there was no evidence that the plaintiff had been dilatory in prosecuting the action. Notwithstanding the Supreme Court's failure to issue a valid 90-day demand, the plaintiff demonstrated extreme lack of diligence in failing to file the note of issue, and in failing to prosecute the action after the case was ministerially dismissed. Given the plaintiff's dilatory conduct, we grant that branch of the plaintiff's motion which was for an extension of time to file a note of issue only to the extent of remitting the matter to the Supreme Court, Nassau County, for the issuance of a 90-day notice in accordance with CPLR 3216. Notably, effective January 1, 2015, the Legislature amended the statutory preconditions to dismissal under CPLR 3216, including a requirement that a court issuing the demand set forth the specific conduct constituting the neglect and that additional notice be given to the parties prior to dismissal of the action for unreasonable neglect to proceed (see CPLR 3216[a], [b][3]).
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court