HSBC Bank USA, N.A. v Izzo (2019 NY Slip Op 07922)





HSBC Bank USA, N.A. v Izzo


2019 NY Slip Op 07922


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-08533
 (Index No. 35362/09)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Rose Izzo, et al., respondents, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated June 12, 2017. The order granted the motion of the defendants Rose Izzo and Anthony Izzo pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In September 2009, the plaintiff commenced this action to foreclose a mortgage against Rose Izzo and Anthony Izzo (hereinafter together the Izzos), among others. After the Izzos failed to timely appear or answer, the Supreme Court granted the plaintiff's motion for an order of reference. On March 30, 2011, the parties entered into a stipulation vacating the order of reference and providing the Izzos with 30 days to interpose an answer. On April 27, 2011, the Izzos served an answer. In May 2012, the Izzos moved to amend their answer and to serve discovery demands, and the court granted the motion in an order dated March 7, 2013. The Izzos' amended answer with counterclaims and discovery demands were deemed served upon the plaintiff as of March 13, 2013.
In November 2015, the Izzos served the plaintiff with a notice and demand pursuant to CPLR 3216, demanding resumption of the prosecution of the action and the service and filing of a note of issue within 90 days of receipt of the notice and demand (hereinafter the 90-day notice). The plaintiff did not serve and file a note of issue and did not move to vacate the 90-day notice or to extend the 90-day period. In June 2016, the Izzos moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
Where, as here, a plaintiff is served with a 90-day notice pursuant to CPLR 3216, the plaintiff is required either to timely file a note of issue or move, before the default date, for an extension of time pursuant to CPLR 2004 (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 760; Furrukh v Forest Hills Hosp., 107 AD3d 668, 669). The plaintiff failed to do either within the 90-day period. Therefore, to excuse the default, the plaintiff was required to demonstrate a justifiable excuse for its failure to timely file either a note of issue or a motion to vacate the demand or extend the 90-day period, as well as a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761; [*2]Furrukh v Forest Hills Hosp., 107 AD3d at 669).
The determination of what constitutes a reasonable excuse lies within the court's discretion (see Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d 903, 904; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394). "Although the court has the discretion to accept law office failure as a justifiable excuse (see CPLR 2005), a claim of law office failure should be supported by a detailed and credible' explanation of the default at issue" (Byers v Winthrop Univ. Hosp., 100 AD3d 817, 818, quoting Henry v Kuveke, 9 AD3d 476, 479; see Gironda v Katzen, 19 AD3d 644, 645). Law office failure does not constitute a justifiable excuse where there is a pattern of willful default and neglect (see Star Indus., Inc. v Innovative Beverages, Inc., 55 AD3d at 904; Santiago v New York City Health & Hosps. Corp., 10 AD3d at 394), or where allegations of law office failure are conclusory, undetailed, and unsubstantiated (see IndyMac Bank, FSB v Izzo, 166 AD3d 866, 868; U.S. Bank N.A. v Barr, 139 AD3d 937, 938). Here, the undetailed and conclusory claim of law office failure set forth by the plaintiff's attorney did not constitute a justifiable excuse for the default, and the plaintiff offered no excuse for its inordinate delay in the prosecution of this action.
As the plaintiff failed to provide a justifiable excuse, there is no need to address whether the plaintiff established the existence of a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; Michaels v Sunrise Bldg. & Remodeling, Inc., 65 AD3d 1021, 1024). The plaintiff's contention that dismissal was too harsh of a penalty is unavailing under the circumstances (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761). Accordingly, the Supreme Court providently exercised its discretion in granting the Izzos' motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court