HSBC Bank USA, N.A. v Williams (2019 NY Slip Op 08554)





HSBC Bank USA, N.A. v Williams


2019 NY Slip Op 08554


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-00411
2017-00414
 (Index No. 29408/09)

[*1]HSBC Bank USA, N.A., etc., respondent, 
v
Kirk Williams, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kirk Williams appeals from (1) an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered April 6, 2016, and (2) an order of the same court also entered April 6, 2016. The first order, insofar as appealed from, denied the motion of the defendant Kirk Williams pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his affirmative defenses, and for an order of reference. The second order, insofar as appealed from, also granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his affirmative defenses, and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Kirk Williams, to strike his affirmative defenses, and for an order of reference, and substituting therefor a provision denying those branches of the cross motion; as so modified, the first order is affirmed insofar as appealed from, without costs or disbursements, and so much of the second order as granted those branches of the plaintiff's cross motion and referred the matter to a referee to compute the amount due on the mortgage loan is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the first order.
On December 21, 2004, the defendant Kirk Williams executed a note in the amount of $399,000 in favor of Fremont Investment & Loan (hereinafter Fremont) and a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Fremont. Williams defaulted on the note by failing to make the payment due on April 1, 2009. On November 2, 2009, the plaintiff commenced this action to foreclose the mortgage. On March 23, 2010, and June 18, 2010, respectively, the plaintiff obtained an order of reference and a judgment of foreclosure and sale, on [*2]default. On October 13, 2010, the order of reference and the judgment of foreclosure and sale were vacated. On November 9, 2010, Williams served an amended answer dated October 27, 2010, in which he generally denied the allegations of the complaint and asserted six affirmative defenses, including lack of standing.
On June 18, 2015, Williams filed and served a "Demand for Resumption of Prosecution of Action and For Note of Issue." When the plaintiff failed to comply, Williams moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against Williams, to strike his affirmative defenses, and for an order of reference. The plaintiff asserted that it had a justifiable excuse for not proceeding with the action and a potentially meritorious cause of action. The Supreme Court, among other things, denied Williams's motion and granted those branches of the plaintiff's cross motion. Williams appeals.
Where, as here, a plaintiff has been served with a 90-day demand pursuant to CPLR 3216(b)(3), that plaintiff must comply with the demand by filing a note of issue or by moving, before the default date, either to vacate the demand or to extend the 90-day period (see Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760). The plaintiff here failed to do either within the 90-day period. Therefore, in order to excuse the default, the plaintiff was obliged to demonstrate a justifiable excuse for its failure to take timely action in response to the 90-day demand, as well as a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d 499; Bischoff v Hoffman, 112 AD3d 659). CPLR 3216 is "extremely forgiving" (Baczkowski v Collins Constr. Co., 89 NY2d at 503), "in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 384; see Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d 559; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d at 761).
Here, the plaintiff demonstrated the existence of a justifiable excuse for the delay and a potentially meritorious cause of action. Furthermore, there was no evidence of its intent to abandon the action (see generally Angamarca v 47-51 Bridge St. Prop., LLC, 167 AD3d at 559; Vera v New York El. & Elec. Corp., 150 AD3d 927; Altman v Donnenfeld, 119 AD3d 828). Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying Williams's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him.
In moving for summary judgment, a plaintiff in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see James B. Nutter & Co. v Feintuch, 164 AD3d 485, 486; Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). In addition, where, as here, a plaintiff's standing to commence the foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 974).
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d at 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754). The plaintiff may establish that it was the holder of the note at the time the action was commenced by submitting proof that a copy of the note, including an allonge containing an endorsement in blank, was among the various exhibits annexed to the complaint (see UCC 1-201[b][21]; Bank of Am., N.A. v Tobin, 168 AD3d 661; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041).
In support of its cross motion, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence this action. Initially, while the plaintiff alleged that the note had been endorsed to it, the plaintiff failed to submit sufficient evidence to demonstrate that a copy of the note with the endorsement was attached to the complaint. The only copy of the complaint that appears in the record before us was submitted as an exhibit in support of Williams's motion, and the version of the note accompanying that copy of the complaint did not include the endorsement. The plaintiff's attempt to establish standing through the submission of the affidavit of Morgan Battle Ames, a contract management coordinator for the plaintiff's loan servicer, was also insufficient. Ames stated that she had "personal knowledge of the stated facts and circumstances and books and records maintained by [the loan servicer]," and that the "information in this affidavit is taken from [the loan servicer's] business records," which were "recorded by persons with personal knowledge of the information in the business record." Since Ames failed to attest that she was personally familiar with the record-keeping practices and procedures of the entity that generated the subject business records, she failed to demonstrate that the records relied upon in her affidavit were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685).
Since the plaintiff's cross motion was based on evidence that was not in admissible form (see Federal Natl. Mtge. Assn. v Marlin, 168 AD3d at 681; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d at 954), the Supreme Court should have denied those branches of the cross motion which were for summary judgment on the complaint insofar as asserted against Williams, to strike his affirmative defenses, and for an order of reference, regardless of the sufficiency of the evidence submitted by Williams in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court